# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.            **NO. 28,996**

**ERNESTO RODRIGUEZ ORDUNEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Gary K. King, Attorney General
Margaret E. McLean, Assistant Attorney General
Joel Jacobsen, Assistant Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Stephanie Erin Brunson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**CASTILLO, Judge.**

Defendant appeals his convictions for aggravated assault and bribery of a

witness (threats). In our second notice, we proposed to affirm the convictions of aggravated assault and reverse the conviction for bribery of a witness. Defendant has indicated that he will not file a response to our second notice. The State has responded to our proposed reversal of the bribery conviction. Not persuaded by its arguments, we reverse the conviction for bribery. We affirm the aggravated assault convictions.

In our second notice, we continued to conclude that the district court did not err in its rulings regarding Defendant's right to remain silent. We also continued to conclude that there was no error in the admission of the letter that Defendant had written to the victim sometime before the incident here. Defendant has indicated that he will not respond to our proposed conclusions on these two issues. Therefore, for the reasons stated in the first and second notice, we affirm Defendant's convictions for aggravated assault.

In our second notice, we proposed to reverse the conviction for bribery of a witness for lack of sufficient evidence to support the conviction. In so doing, we pointed out that there was no evidence presented to show that the motor vehicle altercation was intended as a threat to keep the victim from testifying against Defendant. The State argues that its "theory at trial was that Defendant's motivation for chasing [the victim] and ramming her car, as revealed by his communications to

her, was to intimidate her from testifying against him." [SMIO 3] That may have been the theory, but the evidence does not establish that. It is true that Defendant had written a letter months before that threatened the victim, but the State alleged that the act of intimidation here was the vehicle altercation. There was no communication in relation to that altercation indicating that it was a threat to keep victim from testifying against Defendant. The State was required to prove that the purpose of Defendant ramming the victim's vehicle with his own was to keep the victim from testifying against him. *Cf. State v. Fernandez*, 117 N.M. 673, 679-81, 875 P.2d 1104, 1110-12 (Ct. App. 1994) (discussing sufficiency of evidence and jury instruction regarding intimidation of a witness).

We conclude that the evidence was insufficient to support the conviction for bribery of a witness. Therefore, we reverse and remand to the district court to vacate that conviction and to resentence Defendant.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

_____
**MICHAEL D. BUSTAMANTE, Judge**